IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WILLIAM A. LARUE,

          Plaintiff,

v.                                    CIVIL ACTION NO.   2:20-cv-00151

WV DIVISION OF CORRECTIONS AND REHABILITATION,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Complaint under 42 U.S.C. § 1983 against the West Virginia Division of Corrections and Rehabilitation ("WVDCR").  (ECF No. 3.)  By Standing Order entered in this case on February 27, 2020, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R").  (ECF No. 8.)  Magistrate Judge Tinsley entered his PF&R on April 6, 2020, recommending that the Court find that the WVDCR is not a person under § 1983 and, thus, is entitled to immunity from suit under the Eleventh Amendment to the United States Constitution.  (ECF No. 17.)  Additionally, the PF&R recommends that this Court dismiss the Complaint for failure to state a claim upon which relief can be granted because it does not "identify conduct by any specific individuals employed by the WVDCR that would give rise to a deliberate indifference claim" under § 1983.  (*Id.*)  On April 17, 2020, Plaintiff filed timely objections to the PF&R and moved for leave to amend his complaint.  (ECF Nos. 19, 20.)

For the reasons discussed more fully herein, the Court **OVERRULES** Plaintiff's objections, (ECF Nos. 19, 20), **ADOPTS** the PF&R, (ECF No. 17), and **DENIES** Plaintiff's motion for leave to amend the complaint, (ECF No. 20).

## I. BACKGROUND

Plaintiff alleges that on March 18, 2019, he slipped and fell into a drainage culvert in the recreation yard at Mount Olive Correctional Complex ("MOCC"). He was promptly taken to the hospital, where he underwent surgery to repair a broken femur, for which he claims to suffer continued pain and loss of mobility. Plaintiff alleges that the WVDCR did not take steps to remedy this safety hazard and has "failed to properly maintain the property at [MOCC]." (ECF No. 3 at 11). In his Complaint, Plaintiff contends that the WVDCR was deliberately indifferent to his right to reasonable safety in violation of the Eighth Amendment to the United States Constitution. In addition, he seeks monetary damages and injunctive relief to "fix all dangerous slip and fall areas on the main prison recreation yard[.]" (*Id.* at 16–17.)

## II. LEGAL STANDARD

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and a party's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### III. DISCUSSION

Plaintiff, first, argues that the magistrate judge erroneously concluded that the WVDCR is immune from suit in federal court under the Eleventh Amendment. (ECF No. 19.) He cites several cases where civil rights claims were maintained against other state corrections departments, like the WVDCR. (*Id.* at 1–2.) Plaintiff is misguided.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to "suits brought in federal courts [against a state] by [its] own citizens as well as by citizens of another State.'" *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). "This immunity extends as well to state agencies and other government entities properly characterized as 'arm[s] of the State.'" *Id.* (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)); *Quern v. Jordan*, 440 U.S. 332, 337 (1979) (holding, the Eleventh Amendment bars "a suit in a federal court by private parties seeking to impose [monetary] liability which must be paid from public funds in the state treasury . . . ."); *Berry v. Rubenstein*, No. 1:07-cv-00535, 2008 WL 1899907, at *2 (S.D. W. Va. Apr. 25, 2008) (holding, "the WVDOC is an arm of the state and is therefore immune from suit under the Eleventh Amendment.").

Additionally, to successfully establish a § 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a *person* acting under color of state law." *Crosby v. City of*

3

*Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) (emphasis added). The United States Supreme Court has made clear that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, the magistrate judge correctly found that the WVDCR, a state agency of West Virginia, is immune from liability under the Eleventh Amendment. Accordingly, Plaintiff's objection is **OVERRULED**.

Next, Plaintiff contends that the Court should construe his Complaint as one against Donald Ames, the superintendent of the MOCC, rather than the WVDCR. (ECF No. 20 at 1–2.) In addition, he moves for leave to amend his complaint to name Ames as a defendant in place of the WVDCR. (*Id.* at 5.) In his proposed amended complaint, like in his original complaint, Plaintiff alleges that he slipped and fell into an open, drainage culvert in the recreation yard at MOOC, resulting in injury to his femur. (ECF No. 20-1 ¶¶ 13–15.) Plaintiff claims that Ames' failure to maintain the property or install guard rails around the exposed culvert deprived him of his Eighth Amendment right to reasonable safety. (*Id.* at ¶¶ 34–35.)

In the prison context, the Eighth Amendment's proscription against cruel and unusual punishments "protects inmates from inhumane treatment and conditions while imprisoned." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citation omitted). Claims under the Eighth Amendment require a sufficiently culpable state of mind, known as "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is a higher standard than negligence or lack of ordinary due care. *Id.* at 835. To state a claim of deliberate indifference, a plaintiff must establish two elements. "First, the alleged constitutional deprivation must be, objectively, sufficiently serious." *Id.* at 834 (internal quotation marks omitted). With respect to

an objective deprivation, the United States Supreme Court has explained that "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quotation marks omitted). With respect to the second element, the prison official must have acted with "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

In this case, Plaintiff does not allege a deprivation denying the minimal civilized measure of life's necessities. Rather, Plaintiff alleges that the defendant exposed him to unsafe conditions by failing to install guard rails or other safety measures around an exposed drainage culvert. This allegation is an ordinary tort that does not rise to the level of a constitutional deprivation. *See Mitchell v. State of W. Va.*, 554 F. Supp. 1215, 1217 (N.D. W. Va. 1983) (holding, "[a] 'slip and fall,' without more, does not amount to cruel and unusual punishment."); *Wallace v. Haythorne*, 2007 WL 3010755, *4 (E.D. Cal. Oct. 15, 2007) (no Eighth Amendment violation where a hole in the floor caused inmate to fall, even if defendants knew that the hole had caused others to trip), *adopted by* 2007 WL 4358230 (E.D. Cal. Dec. 11, 2007), *aff'd*, 328 F. App'x 467, 2009 WL 2015051 (9th Cir. 2009); *Birks v. Fox*, 2020 WL 1952675, at *2 (E.D. Cal. Apr. 23, 2020) (ceiling tile that fell and struck inmate in the head did not create an Eighth Amendment violation, despite defendants' knowledge that ceiling was compromised), *adopted by* 2020 WL 3510844 (E.D. Cal. June 29, 2020).

Since Plaintiff's proposed amended complaint does not correct this deficiency with his claim, the Court finds that an opportunity to amend the complaint would be futile and unwarranted.[1] *See Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (leave to amend a complaint should be denied "when the amendment would be futile."); *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) ("A proposed amendment is futile when it is clearly insufficient or frivolous on its face," or "if the claim it presents would not survive a motion to dismiss."). Accordingly, the Court **DENIES** Plaintiff's request to amend his complaint and **OVERRULES** Plaintiff's objection to construe the Complaint as one against Ames.

### IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, (ECF Nos. 19, 20), **ADOPTS** the PF&R, (ECF No. 17), and **DISMISSES** the Complaint for failure to state a claim. The Clerk is **DIRECTED** to remove this action from this Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 3, 2020

_____
THOMAS E. JOHNSTON, CHIEF JUDGE

---

[1] It bears noting that Plaintiff will have the opportunity to pursue his proposed claim in case number 2:20-cv-00308, wherein he has filed a nearly identical complaint against Ames centered around these same facts.